CARAWAY, J.,
concurring.
Iil concur in the majority’s ruling since I would make an analysis of this “contract for hire” under our choice of law principles. La. C.C. arts. 14, 3515 and 3537. The phrase in La. R.S. 23:1035.1, “contract for hire made in Louisiana,” gives no choice of law directive by the legislation to statutorily assess whether this employment contract was “made in” Texas or Louisiana. Civil Code Article 14 advises, “[ujnless otherwise expressly provided by the law of this state, cases having contacts with other states are governed by the law selected in accordance with the provisions of Book IV of the Code.” This directive to consult Book IV, and in particular Article 3537 regarding the choice of law for a contract, applies because La. R.S. 23:1035.1 has not “expressly provided” a choice of law. Under the balancing test of Article 3537, the State of Texas provides for workers’ compensation, and its policies will best be carried out in this case for this employment relationship significantly centered in that state. The numerous cases reviewed by the majority offer no specific framework for analysis, allowing for conflicting jurisprudentially created rules and determinations under La. R.S. 23:1035.1. Article 3537 provides such a framework and should not be overridden by this general statement in the workers’ compensation law.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, CARAWAY and PEATROSS, JJ.
Rehearing denied.
STEWART, J., would grant rehearing.